LMH

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Paul T. Stavenjord,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Corrections Corp. of America, et al.,<br><br>　　　　Defendants. | No. CV 05-3024-PHX-DGC (GEE)<br><br>**ORDER** |

This *pro se* civil rights action is brought by an Alaskan prisoner who is currently confined in the Florence Correctional Center in Florence, Arizona. The action was originally filed in the Alaska Superior Court and then removed to the United States District Court for the District of Alaska, which transferred the action to this Court. Defendants have answered. Plaintiff alleges that the deprivation of his prayer mat and personal offering cloth violated his rights under the Religious Land Use and Institutionalized Persons Act, the First Amendment and the Due Process Clause. At this early juncture, his allegations adequately state a claim under screening standards. See 28 U.S.C. § 1915A.

**IT IS THEREFORE ORDERED THAT:**

(1) This matter is referred to Magistrate Judge Glenda E. Edmonds pursuant to Local Rules of Civil Procedure 72.1 and 72.2 for further proceedings.

(2) At all times during the pendency of this action, Plaintiff shall immediately advise the Court of any change of address and its effective date. Such notice shall be captioned

**TERMPSREF**

1 "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information
2 pertaining to the change of address and its effective date. Plaintiff shall serve a copy of
3 the notice on all opposing parties. The notice shall not include any motions for any other
4 relief. Failure to file a Notice of Change of Address may result in the dismissal of the action
5 for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

6     (3) Plaintiff shall serve upon counsel for Defendants a copy of every further
7 pleading or other document submitted for consideration by the Court. Plaintiff shall
8 include with the original document and copy, to be filed with the Clerk of the Court, a
9 certificate stating the date a true and correct copy of the pleading or document was mailed
10 to Defendants or counsel. Any paper received by a District Court Judge or Magistrate
11 Judge which has not been filed with the Clerk of Court may be disregarded by the Court.

12     (4) A clear, legible copy of every pleading or other document filed shall accompany
13 each original pleading or other document filed with the Clerk for use by the District Judge
14 or Magistrate Judge to whom the case is assigned. Failure to comply with this requirement
15 may result in the pleading or document being stricken without further notice to Plaintiff.

16     DATED this 1st day of December, 2005.

David G. Campbell
United States District Judge